[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant filed a motion to join as a party defendant Barbara Gaetano who settled with the plaintiff prior to this suit being brought. The defendant claims it is necessary to have Gaetano as a party defendant in order to determine the percentage of negligence attributable to her in this accident. The plaintiff objects and claims that there is no need to cite in persons who have settled in order for the trier of fact to determine the proportionate share of liability. The court finds that the plaintiff's position to be the correct one.
52-572h (f) of our general statutes requires the trier to consider the defendant's negligence along with the negligence of settled or released persons. This section does not mandate that settled or released persons be named as party defendants.
The trier of fact can make such a determination without the necessity of settled or released parties, as party defendants. See Dzwil v. Maine Coast Brewing Co., 4 Conn. Rptr CT Page 10209 No. 11, 357 (July 1991)
The objection to motion to amend is sustained.
W. JOSEPH McGRATH, JUDGE.